# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**NATALIA VALENTIN n/k/a Natalia Perdomo,**

    **Plaintiff,**

**-vs-**              **Case No. 6:05-cv-1700-Orl-31DAB**

**PULTE HOME CORPORATION, LEO TAYLOR, JIM LEIFERMAN, WILLIAM TRABACK, ,**

    **Defendants.**

_____

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **MOTION TO COMPEL RULE 35 EXAMINATION OF PLAINTIFF (Doc. No. 30)**
>
> **FILED:** August 28, 2006
> _____
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED**, in part.

At issue is whether Plaintiff may be compelled to undergo a psychological evaluation, pursuant to Rule 35, Federal Rules of Civil Procedure. Plaintiff has filed a belated[1] response to the motion, asserting that good cause has not been shown for such an examination. The Court **grants** the motion, in part.

---

[1] The response was untimely under the terms of Judge Presnell's Case Management and Scheduling Order.

Plaintiff has placed her emotional health at issue in seeking compensatory damages for emotional pain and suffering and in obtaining an expert witness, in addition to her treating physician and therapist, to evaluate her, and opine as to her mental health. Moreover, there is good cause to allow the examination, as it would be fundamentally unfair to allow such an examination by Plaintiff's expert, without allowing the defense a like opportunity. As such, examination is proper, under Rule 35, Federal Rules of Civil Procedure.

Plaintiff asserts that the Court should set reasonable limits for the defense examination, noting that the defense has stated its intent to have Plaintiff undergo a battery of tests on the morning of the examination, to be scored and analyzed by the expert (apparently that afternoon), followed by a face to face interview of Plaintiff the next morning. Plaintiff objects to this "two day" examination, raising concerns about "intrusiveness" and relevance as to what may be asked. Plaintiff also seeks for permission to have counsel and/or a court reporter present and a tape recording made of the session.

Plaintiff has tendered the report of Dr. Danziger, her expert retained in this matter. The Court assumes the report summarizes the various tests and modalities used by Dr. Danziger in evaluating Plaintiff's mental status. The Court also assumes that there are certain standards and protocols used in a psychological or psychiatric evaluation of a subject, and that a licensed and qualified examiner would be well aware of them. There is no indication that the examination proposed by the defense is different or markedly more "intrusive" than Dr. Danziger's. As for attendance by counsel and a court reporter, there is no evidence that defense counsel was invited to attend Dr. Danziger's examination of Plaintiff, nor that a court reporter attended and recorded the interview. Indeed, it appears to this Court that the attendance of additional persons at such an examination might impact the validity of the examination, and would certainly make it more intrusive than necessary.

As such, Plaintiff is **ordered** to submit to a **one day** examination, at a time and upon conditions mutually agreed to by the parties. The Court expects counsel to cooperate in the scheduling of this examination, consistent with the spirit of the relief granted. To the extent the examination cannot be reasonably accommodated without a *brief* extension of Defendant's expert report deadline, a two week extension is **granted.** The Court presumes good faith on the part of Plaintiff and her counsel in objecting to the examination, and thus, motion costs are **denied.**

**DONE** and **ORDERED** in Orlando, Florida on August 29, 2006.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record